UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-81602-cv-Cannon/Reinhart

TIM TEBBUTT, et al.,

        Plaintiffs,

v.

ROBERT ANDERSON,

        Defendant.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR COSTS (ECF No. 31)

Presently before me is Plaintiffs' Motion for Costs (ECF No. 31), which was referred by the Honorable Aileen M. Cannon for a report and recommendation. ECF No. 32. On August 1, 2022, a final default judgment was entered against Defendant Robert Anderson. ECF No. 30. As the prevailing party, Plaintiffs seek reimbursement of $487.00 in costs and have attached two invoices supporting this request. Defendant has not filed a response to the motion and the time for doing so has expired.

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

Courts may only tax costs as authorized by statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.*, 482 U.S. at 441-442. This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Here, although Defendant has not lodged any objections to the amount of costs sought, insofar as they are taxable under § 1920, the Court has an independent obligation to ensure that the costs awarded are proper. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) (J. Rosenberg) ("[T]he Court has an independent obligation to review . . . bills of costs to independently determine whether . . . the costs sought to be taxed are properly taxable pursuant to the cost statute."). Therefore, I will conduct an independent assessment of the costs sought.

First, Plaintiffs seek recovery of the $402.00 spent on the filing fee for bringing this action in federal court. Filing fees are specifically provided for in the statute and

therefore, this cost should be reimbursed. *See James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla. 2007).

Second Plaintiffs seek recovery of $85.00 in fees for three attempts to serve Defendant. Private process server fees may be taxed pursuant to Section 1920. *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Such costs are normally limited to $65.00, the standard hourly rate that the U.S. Marshal's Service charges for service of process. *Khoury v. Miami-Dade Cty. Sch. Bd.*, No. 16-20680-CIV, 2018 WL 7150192, at *3 (S.D. Fla. Nov. 28, 2018) (citing *Emery v. Allied Pilots Assoc.*, No. 14-80518-CIV, 2017 WL 5175617, at *3 (S.D. Fla. May 18, 2017)). Costs for multiple attempts to serve the same individual are generally not allowed. *See Mid-Continent Cas. Co. v. JWN Constr., Inc.,* 2019 WL 8402872, at *3 (S.D. Fla. 2019) ("Because [the movant] has not provided sufficient evidence justifying the need for multiple service attempts, the undersigned recommends awarding the actual cost of one completed service."). Accordingly, Plaintiffs' recovery of process server fees should be limited to $65.00

## RECOMMENDATION

Based on the foregoing, I **RECOMMEND** that Plaintiffs' Motion for Costs (ECF No. 31) be **GRANTED IN PART AND DENIED IN PART** in that Plaintiffs be awarded costs in the amount of $467.00.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); s*ee also* Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 30th day of September, 2022.

_____
BRUCE REINHART
United States Magistrate Judge